**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
             *Plaintiff-Appellee,*

v.                                                              No. 01-4967

CLINTON MARVIN REAMES,
             *Defendant-Appellant.*

Appeal from the United States District Court
for the District of South Carolina, at Florence.
C. Weston Houck, District Judge.
(CR-01-503)

Submitted: May 31, 2002

Decided: July 23, 2002

Before WILLIAMS, MICHAEL, and MOTZ, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

William F. Nettles, IV, Assistant Federal Public Defender, Florence, South Carolina, for Appellant. J. Strom Thurmond, Jr., United States Attorney, Alfred W. Bethea, Jr., Assistant United States Attorney, Florence, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Following a jury trial, Clinton Marvin Reames was convicted on one count of violating 18 U.S.C.A. §§ 922(g)(1) & 924(e) (West 2000). Reames timely appealed, asserting that the district court erred by failing to dismiss the criminal complaint with prejudice on the ground of preindictment delay in violation of the Speedy Trial Act. Finding no abuse of discretion in the dismissal of the criminal complaint without prejudice, we affirm Reames' conviction.

The Federal Speedy Trial Act of 1974, 18 U.S.C. §§ 3161-3174 (1994), requires that an indictment be filed within thirty days of the defendant's arrest. 18 U.S.C. § 3161(b) (1994). If there is preindictment delay, the charges against the defendant must be dismissed. 18 U.S.C. § 3161(a)(1) (1994). In deciding whether that dismissal should be with or without prejudice, the court must consider three factors: (1) the seriousness of the offense; (2) the facts and circumstances leading to the dismissal; and (3) the impact of reprosecution on the administration of the Speedy Trial Act and on the administration of justice. 18 U.S.C. § 3162(a)(1).

Here, it is undisputed that Reames was not indicted within the time period prescribed by the Speedy Trial Act, although the government contends that the delay was one-day beyond the permissible period and Reames argues that there was a six-day delay. In dismissing the complaint without prejudice, the district court gave a reasoned analysis of the three factors required by § 3162(a)(1). The district court found that the charged offense was very serious, that the delay in indicting Reames was due to inadvertence and was not likely to be repeated, and that the purpose of deterring prosecutorial misconduct and delay would be little served by barring reprosecution of Reames.

We find no abuse of discretion in the district court's decision to dismiss the complaint without prejudice. Consequently, we affirm Reames' conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*